UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

ANDRE BARNES,
                          Defendant.

22-CR-43 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

      Defendant Andre Barnes was indicted on one count of possessing ammunition after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) On January 2, 2023, Defendant moved to dismiss the indictment on the ground that 18 U.S.C. § 922(g)(1) is facially unconstitutional as it relates to the possession of ammunition. (ECF Nos. 32-34.) The Government has filed a memorandum in opposition to the motion (ECF No. 40), and Defendant has filed a reply (ECF No. 41).

**I.    Background**

      The Government alleges that Defendant Barnes, co-defendant Emmanuel Cobbs, and several others gathered outside of an apartment building in the Bronx just before midnight on January 27, 2021. (ECF No. 40 at 1.) Eventually, an altercation ensued between a man (the "Victim"), Defendant Barnes, and Cobbs. (*Id.*) Cobbs drew a handgun from his coat pocket, after which the Victim drew a gun and fired a single shot. (*Id.*) Defendant Barnes then drew his own gun and fired at the Victim. (*Id.*). Because Defendant Barnes had been previously convicted of a felony, he was prohibited from possessing a gun or ammunition under 18 U.S.C. § 922(g)(1). (*Id.*)

II.     **Constitutionality of 18 U.S.C. § 922(g)(1)**

Defendant emphasizes that he was acting in self-defense and argues that his possession of ammunition was lawful following *District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. City of Chicago, Ill.*, 561 U.S. 742 (2010), and most recently, *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).  According to Defendant, his possession of ammunition in self-defense is presumptively protected by the Second Amendment, and under *Bruen*, the Government must justify how its regulation of his conduct — *i.e.* the felon-in-possession law — is consistent with the nation's historical tradition of firearm regulation. (ECF No. 34 at 3-6).  Defendant asserts that "[t]here is no authority that states that convicted felons have forfeited their rights to defend themselves simply by having felony convictions." (*Id.* at 5.)

To the contrary, the Supreme Court's decisions in *Heller*, *McDonald*, and *Bruen* have left the felon disarmament laws undisturbed.  In *Heller*, the Court specifically instructed that nothing in its opinion "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."  554 U.S. at 626.  Throughout the *Bruen* opinion, the Court made clear that the concept of self-defense framed in *Heller*, *McDonald*, and *Bruen* applies to "ordinary, law-abiding citizens."  *Bruen*, 142 S. Ct. at 2122, 2133, 2134.  *See also United States v. King*, No. 21-CR-255 (NSR), 2022 WL 5240928, at *5 (S.D.N.Y. Oct. 6, 2022).  In a concurring opinion in *Bruen*, Justice Kavanaugh, joined by Chief Justice Roberts, further emphasized that *Bruen* did not disturb the limits on the Second Amendment that had been set out by *Heller* and *McDonald* — specifically citing the limitations on the possession of firearms by felons.  *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring).  Likewise, Justice Alito cautioned against misinterpreting the reach of *Bruen*: "All that we decide in this case is that the Second Amendment protects the right

2

of law-abiding people to carry a gun outside the home for self-defense and that the Sullivan Law . . . is unconstitutional." *Bruen*, 142 S. Ct. at 2159 (Alito, J., concurring).  Chief Justice Roberts and Justices Alito and Kavanaugh provided three of the six votes forming the *Bruen* majority, lending crucial weight to these pronouncements.

For its part, the Second Circuit has upheld § 922(g)(1) in light of *Heller* and *McDonald*. *See United States v. Bogle*, 717 F.3d 281, 281-82 (2d Cir. 2013).  Because *Bruen* did not disturb either of those two precedents, the Second Circuit's holding in *Bogle* continues to govern this issue.

Finally, Defendant notes that he is charged with possession of ammunition, rather than possession of a firearm, and asserts that the Government must prove that regulation of ammunition passes muster under the historical analysis required by *Bruen*.  (ECF No. 34 at 6; ECF No. 41.)  For the reasons persuasively laid out by the Government in its opposition to the motion to dismiss the indictment, this argument lacks merit.  (*See* ECF No. 40 at 20-21.)

**III.   Conclusion**

For the foregoing reasons, Defendant's motion to dismiss the indictment is denied.

The Clerk of Court is respectfully directed to close the motion at Docket Number 32.


SO ORDERED.

Dated: February 28, 2023
        New York, New York

_____
J. PAUL OETKEN
United States District Judge

3