UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ANDRE BARNES,

Defendant.

22 Cr. 43 (JPO)

**Order re: Attorney-Client Privilege Waiver (Informed Consent)**

WHEREAS defendant Andre Barnes has moved for relief from his sentence pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel; and

WHEREAS the Government, after reviewing the motion papers, has concluded that the testimony of defendant's former counsel, Esere Onaodowan, Esq. ("Counsel") will be needed in order to allow the Government to fully respond to certain aspects of the motion; and

WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Counsel is needed in order to allow the Government to fully respond to the motion; and

WHEREAS by making the motion, the movant has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*;

IT IS HEREBY ORDERED that defendant execute and return to this Court within 60 days from the date of this Order the accompanying "Attorney-Client Privilege Waiver (Informed

Consent)" form. If the waiver is not received by the Court within 60 days from the date of this Order, the Court will deny the ineffective assistance of counsel claims in the Section 2255 motion on the ground that the movant failed to authorize the disclosure of information needed to permit the Court to decide the motion; and it is further

ORDERED that, upon the filing of the waiver described above, (1) Counsel shall give sworn testimony, in the form of declarations, addressing the allegations of ineffective assistance of counsel made by the defendant; and (2) file such declarations within 30 days of the filing of the waiver described above; and it is further

ORDERED that the Government shall, within 30 days of the filing of the declarations described above, file any opposition to the Section 2255 motion, and any additional supporting papers with this Court; and it is further

ORDERED that the defendant shall have 14 days from the filing of the Government's opposition papers to submit any reply papers, after which time the motion will be fully submitted.

Dated: New York, New York
      February 23, 2026

_____
J. PAUL OETKEN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **22 Cr. 43 (JPO)** |
| ANDRE BARNES, | |
| Defendant. | |

**Attorney-Client Privilege Waiver (Informed Consent)**

To:     Andre Barnes

You have made a motion under Section 2255 of Title 28, United States Code, to have your sentence set aside on the ground that you received ineffective assistance from your former lawyer, Esere Onaodowan, Esq. (referred to in this form as "your former attorney"). The Court has reviewed your papers and determined that it needs to have sworn testimonial statements from your former attorney to fully evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an Order (copy attached) ordering your former attorney to give such testimony, in the form of a declaration. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court in the attached envelope (keeping a copy for your records). The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about their representation of you. However, you should also know that the Court will deny your motion if you do not authorize your former attorney to give declarations in response to the Court's attached Order.

You must return this form, signed by you and notarized, within 60 days from the date of the Court's Order directing your former lawyer to give testimony. If the Court does not receive this form, signed by you and notarized, within that time, the Court will automatically deny your motion.

NOTARIZED AUTHORIZATION

*United States v. Andre Barnes*, 22 Cr. 43 (JPO)

I have read the Court's Order dated February __, 2026 and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney Esere Onaodowan, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the court, relating to my motion to set aside my sentence on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

Signed:_____
　　　Andre Barnes


Sworn to before me this _____ day of _____, 2026


_____
Notary Public

2